*William F. Worthington*, for appellants. *Tabor, Sheehan & Coatsworth*, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of DANIELS, J., at special term.

---

PEOPLE *ex rel*. POST *v*. GRANT, Sheriff.

*(Supreme Court, Special Term, New York County. December 14, 1888.)*

HABEAS CORPUS—STAY OF DECISION—CUSTODY OF RELATOR.

Where the justice before whom a relator is brought to review an order of commitment made by a justice of another department entertains doubts as to the legality of such order, and it appears that the order has been appealed from, the relator will be placed, pending the appeal, in the custody of a person other than the sheriff, as authorized by Code Civil Proc. N. Y. § 2037.

At chambers. *Habeas corpus* to review an order committing the relator, John H. Post, for contempt. For opinions on appeals from former orders, see 3 N. Y. Supp. 142, 144.

*William B. Hornblower*, for relator. *W. W. McFarland*, for respondent.

ANDREWS, J. After a careful examination of this matter, I am strongly inclined to the opinion that the order made by Mr. Justice BARNARD, on October 13, 1888, is void for want of jurisdiction in the court to make it. The only provision of law referred to by the counsel for the respondents, either in his oral argument before me or in the printed brief submitted by him, as au-

thorizing the court to make said order, is section 713 of the Code of Civil Procedure; but neither in said argument nor brief has he met the objection taken by the counsel for the relator, that a receiver of the property of a corporation can be appointed in those cases only which are mentioned in section 1810 of the Code, and that the present action is not one of those enumerated in that section; nor has he met the argument that, although under said section 713 a receiver may be appointed after judgment to carry it into effect, such receiver, by the terms of that section, can be appointed of the property only which is the subject of the action, and that the property of the New York Transit & Terminal Company was not the subject of this action; nor has he met the suggestion that under the provisions of section 1, c. 378, Laws 1883, an order appointing a receiver of the said company could only be made in the county of New York, where the principal business office of said company is located, or in an adjoining county. The duty, however, which I am called upon to perform, of reviewing orders which were made by the learned and experienced presiding justice of the Second department, after a full hearing of both sides, is a very delicate and disagreeable one; but under the statute, which, in this case, left me no discretion as to whether the writ of *habeas corpus* should be granted, I am compelled, the prisoner having been produced before me, to pass upon the question whether the court had jurisdiction to make said order of October 13th, and whether the prisoner is now detained without authority of law.

Since the hearing before me I have ascertained, however, that the appeals from said order of October 13th, and from the order adjudging the relator guilty of contempt, have been argued before the general term of the Second department. The precise question, therefore, now before me, namely, whether the order of October 13th is void for want of jurisdiction, is now under advisement by that general term. Under these somewhat embarrassing circumstances, I think that ordinary courtesy to the learned presiding justice of the Second department, and to the general term of that department, as well as a proper regard for the orderly administration of justice, require that I should defer my decision in this matter until that of said general term has been rendered. In view, however, of the grave doubts which I entertain about the validity of said orders of October 13th and 23d, it would be obviously improper that the relator should be left in the custody of the sheriff while my decision is so deferred. I feel constrained, therefore, to exercise the power conferred upon me by section 2037 of the Code, and to place the relator in the custody of some one other than the sheriff, although I do so with great reluctance, both because of the facts which have been presented to me as to the merits of this case, and because of my great unwillingness to interfere with a commitment made by another justice of the supreme court, and especially in another district. Mr. Post will temporarily, and until my decision is rendered, be placed in the custody of his counsel, Mr. Hornblower, upon the filing of a written stipulation, signed by Mr. Post and his said counsel, that Mr. Post will surrender himself to the sheriff of New York county, if the commitment shall be eventually sustained by me, and that the taking of Mr. Post from the custody of the sheriff shall in no way impair or affect the right of sheriff to again arrest or detain Mr. Post, as required by the commitment, in case it shall eventually be held valid by me.